Benjamin Brenner, J.
The defendant husband, claiming nonresidence, appears specially and requests a commission to have his testimony taken upon written interrogatories in connection with a hearing scheduled before the Official Referee to determine defendant’s true domicile. The plaintiff wife prefers that the defendant appear and testify before the Referee since he resides nearby in New Jersey, agreeing to withhold service of any process on the defendant during his appearance for the purpose. Neither party asks for an open commission and if defendant’s application is to be granted there is no question as to plaintiff’s right to submit cross-interrogatories. In view of plaintiff’s offer to withhold process, the court expressed the thought upon the hearing of the motion that defendant’s claimed residence so close to this forum would seem to render the commission unnecessary. Defendant, however, argued that rule 126 of the Rules of Civil Practice automatically grants the right to the commission and implied that the court has no discretion in the matter. I do not agree. It seems to me that where the circumstances do not involve any jeopardy or inconvenience to a party claiming nonresidence, his testimony, subject to cross-examination in open court, is more likely to produce reliable evidence on the question of Ms true domicile than will Ms examination upon interrogatories. If there be discretion to deny an examination on written interrogatories where circumstances demand an open commission, affording an opportunity for oral cross-examination (Bennett v. Kelly, 283 App. Div. 945; Beder v. Beder, 260 App. Div. 1026), why may not the court exercise discretion to deny the commission as wholly unnecessary where attendance at the hearing is quite convenient and does not involve jeopardy? Oral testimony is always favored because it is less likely to be perjurious than is testimony given upon written interrogatories (Bator v. Hungarian Commercial *667 Bank, 194 Misc. 232, mod. 196 Misc. 157). It occurs to me that an alleged nonresident, appearing specially, seeldng the favor of this court for an opportunity, to safely present evidence of nonresidence, is in no position to challenge the court’s discretion as to the manner in which that request is given effect if he is saved harmless while supplying such evidence. In the circumstances, the motion herein is denied upon condition that plaintiff stipulate to be stayed from service of any and all process upon the defendant while present in this jurisdiction in connection with such hearing.
Settle order on notice.